**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **TERESA TORRES-MARTINEZ, ISMAEL MORALES-MARRERO AND THE CONJUGAL PARTNERSHIP COMPRISED BETWEEN THEM**<br>       Plaintiffs<br><br>Vs.<br><br>**PUERTO RICO DEPARTMENT OF CORRECTIONS; MIGUEL PEREIRA AS ADMINISTRATOR OF THE PUERTO RICO DEPARTMENT OF CORRECTIONS; JAIME LOPEZ-MARTINEZ;LOURDES ARCE; ELVIN ALICEA-IRIZARRY; JOHN DOE, JANE DOE, JOHN ROE**<br><br>       Defendants | **Civil No.**<br><br><br><br><br><br>**COMPLAINT AND JURY DEMAND** |

**TO THE HONORABLE COURT:**

Herein plaintiffs, through their undersigned counsel, most respectfully state and pray:

**I. PARTIES**

1. Plaintiff Teresa Torres-Martínez (hereinafter "Torres") is a citizen of the United States of America, domiciled and resident of Ponce, Puerto Rico.

1

2. Co-plaintiff Ismael Morales-Marrero (hereinafter "Morales") is Torres' husband. He is a citizen of the United States of America, domiciled and resident, together with his wife, plaintiff Torres, in Ponce, Puerto Rico.

3. Both plaintiffs are legally married and. appear on their personal capacity as well as on behalf of the conjugal partnership constituted between them under the laws of the Commonwealth of Puerto Rico.

4. Defendant Corrections Administration of the Commonwealth of Puerto Rico is a a legal entity whose powers are set forth in 4 LPRA Secs.1101 et seq.

5. The respective individual defendants named herein are employees, agents, and/or personnel under the control of defendant Corrections Administration of the Commonwealth of Puerto Rico (hereinafter "Corrections"). This action is maintained against each individual defendant in her or his official capacity as employee and/or agent thereof and as an individual, jointly and severally.

6. Co defendant Miguel Pereira (hereinafter "Pereira") is head of Corrections. Pereira is sued here in his official capacity as the Head Administrator of Corrections.

7. Co defendant Jaime López-Martínez (hereinafter "López") was at the time of the events complained of, Regional Director for the Southern Region of Corrections.

8. Co defendant Lourdes Arce (hereinafter "Arce") was at the time of the events complained of, Deputy Regional Director for the Southern Region of Corrections, and is currently the Director of the Corrections Department Officers' Academy for the Southern Region of Corrections.

9. Codefendant Elvin Alicea Irizarry (hereinafter "Alicea") is and was at the time of the events complained of, Administrative Auxiliary for the Southern Region of Corrections, acting as Human Resources Coordinator under the direction, supervision, and instructions of co-defendant

López.

10. Co defendants John Doe, Jane Doe, and John Roe are individuals and/or legal entities who are or may be liable to plaintiffs for the damages claimed in the captioned complaint.

11. Co defendants X,Y, Z Insurance Companies are insurance carriers who are or may be liable to plaintiffs for the damages complained of in the captioned complaint.

## II. JURISDICTION

12. Jurisdiction is invoked under 28 USCA sec. 1331. This civil action arises under the Constitution and Laws of the United States of America.

13. Supplemental jurisdiction is invoked under 28 USCA sec. 1367 for the causes of action invoked under the Constitution and Laws of the Commonwealth of Puerto Rico.

## III. THE FACTS

14. Plaintiff Torres is of legal age and started working for Corrections on January, 1987. She has been employed at said administration for over 16 years.

15. Mrs. Torres started employment at Corrections as penal records technician.

16. In 1992, plaintiff Torres was appointed Director of the Penal Records Division, and was employed as such until 1994.

17. From 1994 to May 31, 2001, plaintiff Torres was employed as Human Resources Manager at the Ponce Regional Corrections Complex.

18. At the time of the events herein complained of, plaintiff Torres was employed as Coordinator of Human Resources.

19. On June 1st, 2001, plaintiff Torres was appointed Coordinator of Human Resources, the

equivalent of a human resources manager, for the Southern Region of Puerto Rico.

20. Plaintiff Torres is an active member of the pro-statehood Partido Nuevo Progresista or New Progressive Party (hereinafter "N.P.P.").

21. Defendants López, Arce, and Alicea are active members of the pro-commonwealth Partido Popular Democrático or Popular Democratic Party (hereinafter "P.D.P.").

22. The pattern of discrimination complained of started on or around January 2001, when co-defendant López, a P.D.P. activist, was appointed Regional Director for the Southern Region of Puerto Rico.

23. The positions occupied by codefendants Pereira, López, and Arce, as Head of Corrections, Regional Director and Deputy Director, respectively, are positions in which selection is based on trust and confidence, or so called trust appointments ("puestos de confianza").

24. The position of Human Resources coordinator is a career position.

25. Plaintiff Torres, who acquired a Master's Degree in Human Resources while employed at Corrections, is highly qualified for her current position as Coordinator for Human Resources.

26. Plaintiff Torres, a career public employee with around 20 years of experience in government positions, has always performed her duties in an efficient, professional and successful manner.

27. Ever since the first months of the year 2001, after the P.D.P. administration came to power, plaintiff Torres has been subjected to multiple discriminatory practices, solely because of her political affiliation.

28. The pattern of discrimination against plaintiff has been evident since the very beginning of codefendant López' tenure as Director for the Southern Region. At the ceremony held at the beginning of 2001 to introduce his staff, plaintiff Torres was excluded, even though she was part of

said staff.

29. During the initial staff meeting, codefendant López requested that all employee evaluations be sent to his office, because he did not trust plaintiff, because of her political affiliation.

30. Such is the level of discrimination against plaintiff because of her political affiliation, that codefendants López and Arce have created new, unofficial positions within the regional office to circumvent plaintiff's position, assigning plaintiff's duties to those holding the new positions.

31. Thus, codefendants López, Arce, and Alicea are performing, in the Director's Office, all of the duties corresponding to plaintiff Torres. They are performing what should be all of her assigned tasks in coordination between them, including interviews, nominations, evaluation and selection of all new employees and of current employees of the Southern Region of Puerto Rico, as well as taking other actions and determinations which should be within the exclusive domain of plaintiff.

32. Likewise, defendant López has been excluded from other activities, duties and responsibilities within her job responsibilities, solely because of her political affiliation.

## IV. CAUSES OF ACTION

23. At all times material to this complaint, defendants have acted under color of the statutes, customs, ordinances, and usage of the Commonwealth of Puerto Rico.

24. Defendants, intentionally or with deliberate indifference and disregard of plaintiff's rights, deprived plaintiff of her constitutional rights of free speech and discriminated against her on the basis of her political beliefs.

25. Plaintiff's treatment by defendants was clearly due to the exercise of her First

Amendment Rights of freedom of speech, and particularly her political affiliation with the N.P.P.

27. Codefendant Miguel Pereira failed to put in place employment practice safeguards to avoid unlawful discrimination against employees based on their exercise of constitutionally protected speech and /or based on political motivations.

26. All of the captioned defendants are totally responsible for the illegal and discriminatory actions against plaintiff, herein complained of.

28. The conduct of defendants is in direct contravention of the following:

   A) The First, Fifth and Fourteenth Amendments of the Constitution of the United States of America.

   B) Section 1983 of Title 42 of the United States Code.

   C) Article II, Sections 1 and 7 of the Constitution of the Commonwealth of Puerto Rico.

D) Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. sections 5141 and 5142, which govern general tort actions in the Commonwealth of Puerto Rico.

## V. DAMAGES

29. A) As a result of defendants' deliberate, discriminatory and unlawful conduct, plaintiff has suffered mental and emotional distress and suffering.

30. Plaintiff's damages are estimated at five hundred thousand dollars ( $500,000.00).

## VI. PRAYER

**WHEREFORE,** plaintiff most respectfully prays from this Honorable Court that:

A. It grant plaintiff the right to a trial by jury.

B. Find that defendants' conduct is in violation of law.

C. Award plaintiff Teresa Torres all damages she is entitled to, including but not limited to compensatory damages and damages for pain and suffering, which total damages are

conservatively valued at $500,000.00.

   D.  Award plaintiff costs, interest, and attorney's fees.

   **RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this  20th   day of  October, 2004.

**Rafael G. Martínez-Géigel**
**USDC No. 203906**
**# 500 de Hostos Ave.**
**G.P.O. Box 366252**
**San Juan, P. R.00936-6252**
**Tel. (787)764-8742; Fax:(787)756-8566**
**ramarge@coqui.net**

**Emilio E. Solé de la Paz**
**USDC  No. 206204**
**P.O. Box 12354**
**San Juan, P.R. 00914-0354**
**Tel. (787)722-7682;**
**Fax (787)721-0078**
**soledelapaz@prw.net**